[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO MODIFY FILED BY THE PLAINTIFF (#131.00) AND MOTION FOR CONTEMPT FILED BY THE DEFENDANT (#127.00) CT Page 1702
This case comes to this court on the two above mentioned motions. The motion to modify filed by the plaintiff (hereinafter called the husband) was filed on September 19, 1991. It was agreed that if the court determined it appropriate it could be retroactively modified to that date. It was also agreed that the language of the motion was broad enough to include a request for affirmative relief from the defendant (hereinafter called the wife).
The motion for contempt was dated September 11, 1991 and is not coded in as to when it was filed. It was filed by the wife seeking certain orders. There was an attempt to orally amend the motion to include the husband's failure to carry life insurance which the court rejected since the case was already into testimony and it would have meant further testimony and the delay of the adjudication of the key issues in this case. The denial was without prejudice to her filing of a new motion.
The parties were divorced on May 15, 1984. At that time, both parties were represented by counsel. They entered an oral stipulation in the record that was codified by the transcript being placed in the file and a judgment was filed as defendant's Exhibit 14.
At the time of the dissolution of marriage, the husband filed a financial affidavit dated April 5, 1984 that showed an annualized gross income of $70,000. At the time of the dissolution of marriage the wife was unemployed. It was contemplated that she would go to work.
The court finds Exhibit 21 helpful and attaches it to this decision. It is clear to this court based on the uncontradicted testimony, that during the year 1991, the husband earned $87,500. His employment was terminated however as of July 31, 1991. This court finds that for 1991, he has not sustained his burden of proof that there was a substantial change in the circumstances of the husband under the Statute 46b-86. Accordingly, the request to modify for the year 1991 is denied. Exhibit 21 shows that $1,166.67 was owed for 7 payments during 1991 for a total of $8,166.69. The court finds that the arrearage for 1991 was $8,166.69.
It is also clear that the husband had no earned income during CT Page 1703 the year 1992. During 1992, the wife made $27,300. For the year 1992 based on Exhibit 21, the husband would have owed nine payments at $1,166.67 for a total of $10,500. He further would have owed for 1992 fifteen payments at $750 each for $11,250. The total payments due under the old orders would have been $21,750.
This court finds that based on the fact that both of the children were living with the father at that time and that the wife was earning $27,300 he is entitled under the Statute to relief. Accordingly, the court reduces the amount due for 1992 by two-thirds so that he owes for 1992 an arrearage of $7,250. That combined with the arrearage due for 1991 of $8,166.69 equals the total arrearage for 1991 and 1992 of $15,416.69. On Exhibit 21 the wife shows credits to the husband totalling $2,256.52. Accordingly, the arrearage is reduced to $13,160.17.
The husband is to provide the wife a monthly statement under oath indicating his financial condition in the form provided by the Practice Book being Practice Book Form #463. As soon as he obtains employment he must notify the wife within 24 hours and send her copies of any employment contracts, agreements or pay-stubs. He is to provide her with copies of all checks received by him representing either earned or unearned income within 24 hours after he receives it. The arrearage found to be due as above stated shall be paid periodically as he has earned income. Once the husband becomes employed or has a regular flow of income, the parties are to attempt to negotiate a resolution of the entire matter themselves. If they are not able to resolve the matter themselves, they are ordered to go to the Family Relations Division for mediation. If they are unable to resolve the matter at mediation, they may then return to the court for further proceedings having used their best efforts to resolve the matter short of court proceedings.
Since the husband is presently unemployed, the orders prospectively for all of 1993 are $1 per year alimony and $1 per year child support.
The husband has had a change in the custody of the children since August 17, 1992 where both of the children have been with him since then. The wife has not had contact with Laura the daughter in the last six months, nor has she had contact with the son James since August of 1992.
The court finds that the request by the husband for the wife CT Page 1704 to pay child support for the children is denied at this time. The court has taken into consideration the fact that under the child support guidelines, the wife would be under normal circumstances, obligated to pay $211.04 based on her income. The court finds that under the guidelines it would be inequitable or inappropriate in this case to order her to pay child support. The court deviates from the guidelines based on the potential earning capacity of the husband. The husband based on the tax returns filed when he is working, is a substantial earner. His 1990 tax return Exhibit 2 shows wages, salaries and tips on line 7 at $152,187. His 1989 tax return Exhibit 3 shows on his tax return wages, salaries and tips on line 7 of $154,207. His 1988 tax return shows $154,247.
The motion for contempt is granted in part and denied in part. The court finds that the husband was in wilful violation by not paying the payments during 1991 as aforesaid. Accordingly, he is ordered to make payments on that arrearage as set forth above.
He is also to pay counsel fees to the wife in the sum of $3,000.00. The attorney's fees are awarded in order not to undermine the courts other financial orders. This is to be paid as the arrearage is paid as set forth above.
This court has listened to the witnesses and reviewed all the exhibits in this case. In addition, the court has taken into consideration all the statutory criteria set forth in 46-62, the, attorneys fees statute; 46b-84, the child support statute and46b-215(b) the child support guidelines and 46b-86, the modification of alimony or support order statute.
The court has also considered the parties financial affidavits, their agreements of record and their claims for relief and stipulations.
KARAZIN, J.
[EDITORS' NOTE: EXHIBIT 21 IS ELECTRONICALLY NON-TRANSFERRABLE.]